PER CURIAM.
These are further proceedings in Marlowe v. State, 797 So.2d 647 (Fla. 3d DCA 2001). When the appeal was initially brought, defendant-appellant Marlowe was represented by counsel who filed an appearance. However, counsel never filed a brief. As this was an appeal from the summary denial of a motion for postconviction relief, the matter was submitted to the panel without briefs. Fla. RApp. P. 9.141(b)(2). This court then issued an af-firmance. 797 So.2d at 647.
Several months thereafter, the defendant requested a belated appeal. He alleged that his counsel had failed to file a brief and had not advised the defendant of this, so that the defendant could file a pro se brief. Further, he alleged that he was not informed of the outcome of the appeal until long after the time for rehearing had run. The State did not dispute these assertions. Accordingly we granted a belated appeal under Rule 9.141(c). The defendant submitted a pro se brief. This court appointed the public defender to address two issues, and the State has filed a response.
After carefully considering the able submissions of the parties, we adhere to the views expressed in our earlier opinion, and again conclude that the denial of the motion for postconviction relief (asserting claims of newly discovered evidence) was correctly denied.
Affirmed.